746 So.2d 1132 (1999)
PREMIER CRUISE LINES, LTD., INC., Appellant,
v.
Joan PICAUT, Eugene Picaut, et al., Appellees.
Joan Picaut, Eugene Picaut, et al., Appellants,
v.
Premier Cruise Lines, Ltd., Inc., Appellee.
Nos. 97-2013, 97-2258 and 98-2072.
District Court of Appeal of Florida, Fifth District.
October 22, 1999.
Rehearing Denied November 29, 1999.
David H. Simmons, Kenneth P. Hazouri, and Stephen J. Jacobs, of Drage, de Beaubien, Knight, Simmons, Romano & Neal, Orlando, for Premier Cruise Lines, Ltd., Inc.
Douglas Bowdoin and Kevin K. Smith, of Smith, MacKinnon, Greeley, Bowdoin & Edwards, P.A., Orlando, and Stephanie Zorie, Santa Fe, New Mexico, W. Roderick Bowdoin of Darby, Peele, Bowdoin & Payne, P.A., Lake City, and J. Craig Bourne, Orlando, for Joan Picaut, Eugene Picaut, et al.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is granted and we withdraw our opinion dated June 18, 1999, and substitute the following opinion in its place. We reverse the summary judgment and remand the cause to the trial court with directions. This cause originally came here on pleading issues but was, upon motion, relinquished to the trial court, which then granted summary judgment in favor of defendant. It is that summary judgment affirmed by this court which is the subject of the present motion for rehearing.
*1133 The gist of the complaint below was that defendant cruise line had advertised its fares so that purchasers were misled into believing that the add-on "port charges" were only those charges to be paid to governmental agencies for the privilege of using their ports when, in fact, such charges included more than governmental fees and taxes. The plaintiffs also alleged, as a part of their false and fraudulent advertising claim, that the cruise line falsely billed for port charges not related to its port stay "with the excess being kept by Premier as an additional but secret charge for the cruise." It was on these allegations that plaintiffs were put to the test at the hearing on summary judgment. They failed the test on that portion of their false and fraudulent advertising claim which sought to limit the unambiguous definition of "port charges" to only fees and taxes paid for the use of the port but have not yet had their day in court on the fraudulent billing allegations.
In the material contained in this record, the cruise line indicated what the fixed price for the cruise included and what it did not include:
Fare includes: Your ship rate includes shipboard accommodations as reserved and paid for, ocean transportation, all meals and entertainment as provided aboard ship. The ship is your hotel for the entire cruise. NOT INCLUDED are gratuities, port charges, Splashdown programs, medical services, bar beverages, soft drinks, optional onshore activities, all taxes and any other items not specifically stated as included in the cruise rate.
By separating "port charges" from "all taxes," in the excluded items, it is clear that the two are not synonymous. The provision above limits the "fare included" to those services received on board the ship; "port charges," as other courts have found and we believe reasonably so, are to cover those costs associated with port-side expenses which make the cruise possible and which are not itemized as being included in the fare. Assuming that defendant included only those charges associated with its port stay in its "port charges," its advertising was not false or fraudulent.
We agree, however, that if plaintiffs can show that the cruise line used "port charges" as a vehicle to hide additional profits for its cruise operation, plaintiffs should be permitted to proceed with that portion of its class action related to these allegations. And while we agree with the trial court that this proof was not made at the hearing on summary judgment, plaintiffs do not appear to have been solely at fault.
But the plaintiffs also asserted a belief that port charges were limited to only those charges that were paid to governmental authorities for the use of the port. They do not claim, nor can it be based on the material in the record, that this belief came from any representation made by Premier. They claim instead that the defendant never told them anything that would correct their misunderstanding. The trial court refused to accept plaintiffs' subjective understanding which was not based on some representation by defendant as a basis for making a misleading or fraudulent advertising claim. We agreed with the trial court in our initial opinion and we do so now.
But a rejection of plaintiffs' claim that the cruise line profited from port charges by including improper charges or including expenses not incurred, even though not proved at the summary judgment hearing, seems to have been premature. The plaintiffs asserted by affidavit the following:
[T]he port charges collected by Premier] while I was a Premier employee may have included costs and expenses other than amounts paid to ports and governmental authorities, and that Premier may have gained revenue through this practice.
(emphasis added).
To suggest that this evidence has sufficient weight to prove plaintiffs' allegations, is, to be charitable, foolish. But plaintiffs do not make this claim. Instead, they *1134 assert that because of stonewalling by Premier and certain court orders delaying discovery, they were denied the opportunity to develop the proof they, in good faith, believed was available prior to the summary judgment hearing. The record supports out their contention that discovery, although in process, was not completed at the time of the summary judgment hearing and this was brought to the attention of the trial judge. We overlooked this argument in our first analysis.
We reverse the summary judgment entered herein solely on the basis of the allegation that Premier engaged in an unfair or deceptive trade practice by including in its port charges expenses not related to its port stay or expenses not incurred by it for its "port operation" and instead used this device for making additional profits from its cruise operation. We remand for further discovery on this issue.
The initial certified class, made moot by the summary judgment herein reversed, was based primarily on plaintiffs' allegation of misleading or fraudulent advertising based on defendant's including charges other than port fees and taxes as "port charges." Because we agree with the trial court that the advertisement was not misleading for that reasonport charges are not limited to taxes and fees associated with the ship's port staywe reject this reason for certifying the class. If, however, the trial court, after considering additional discovery, determines that there is a legitimate issue as to whether Premier engaged in a practice of hiding additional profits under the guise of port charges, it may wish to amend its previous certification to reflect that allegation.
REVERSED and REMANDED with directions.
ANTOON, C.J., DAUKSCH and HARRIS, JJ., concur.